**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BRANDON R. BAILEY, ) | |
| ) | CASE NO. 5:07CV2414 |
| Petitioner, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| STUART HUDSON, Warden ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondents. ) | |

Petitioner, Brandon R. Bailey ("Bailey"), challenges the constitutionality of his conviction in the case of *State v. Bailey*, Portage County Common Pleas Case No. 2004-CR-0068. Bailey, represented by Assistant State Public Defender Kenneth Spiert, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 8, 2007 with the United States District Court for the Northern District of Ohio. On November 2, 2007, Respondent Stuart Hudson ("Respondent") filed his Answer/Return of Writ. (Doc. No. 8.) Bailey filed a Traverse on December 3, 2007. (Doc. No. 9.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Bailey's petition (Doc. No. 1) be DENIED.

**I.  Procedural Background**

**A.     Conviction**

On February 13, 2004, the Portage County Grand Jury returned an indictment charging Bailey with four counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(2)(B) and one count of kidnapping in violation of O.R.C. § 2905.01(A)(4).  (Doc. No. 8, Exh. 1.)

Initially, Bailey entered a plea of "not guilty" to all the charges and the case proceeded to jury trial.  On July 30, 2004, before the trial was completed, Bailey entered a plea of guilty to one count of rape and one count of kidnapping.  (Doc. No. 8, Exh. 2.)  The remaining counts in the indictment were dismissed.  (Doc. No. 8, Exh. 3.)

On August 20, 2004, Bailey filed a motion to continue the sentencing hearing previously set for August 23, 2004, indicating that he was considering a motion to withdraw his guilty plea.  (Doc. No. 8, Exh. 4.)  On August 31, 2004, prior to the rescheduled sentencing, Bailey, through counsel, filed a motion to withdraw his guilty plea alleging ineffective assistance of trial counsel.[1]  (Doc. No. 8, Exh. 5.)  On September 13, 2004, after a hearing, the court overruled Bailey's motion finding that the plea had been voluntarily entered.  (Doc. No. 8, Exh. 7; Tr. 92.)  Shortly thereafter, Bailey filed a motion for reconsideration that also was denied.  (Doc. No. 8, Exh. 8; Tr. 99.)

On September 16, 2004, the court found that the rape and kidnapping convictions were

---

[1] In Bailey's motion to withdraw his guilty plea, trial counsel Steven L. Bradley states that he failed to "thoroughly investigate and prepare a competent defense" and that Bailey, therefore, did not receive "meaningful advice on the pros and cons of pleading versus proceeding with trial."  (Doc. No. 8, Exh. 5.)

allied offenses and sentenced Bailey to a total of eight years incarceration. (Doc. No. 8, Exh. 10.)

**B.     Direct Appeal**

Bailey, represented by new counsel, filed a timely appeal with the Eleventh District Court of Appeals ("state appellate court") advancing the following assignments of error: (1) the trial court erred by overruling his motion to withdraw his plea prior to sentencing; (2) he was denied his right to effective assistance of counsel; and (3) his sentence violated Ohio law. (Doc. No. 8, Exh. 12.) On December 23, 2005, the state appellate court affirmed the trial court's judgment. (Doc. No. 8, Exh. 15.)

On February 10, 2006, Bailey, represented by counsel, filed a Notice of Appeal with the Supreme Court of Ohio raising the following assignments of error: (1) the trial court's denial of his motion to withdraw his guilty plea violated state law; (2) he was denied the effective assistance of counsel due to a conflict of interest; (3) he was denied the effective assistance of counsel due to counsel's failure to properly investigate the matter; and (4) he was denied the effective assistance of counsel due to counsel's failure to advise him of an *Alford* plea. (Doc. No. 8, Exh. 16.) On May 10, 2006, the Supreme Court of Ohio denied leave to appeal. (Doc. No. 8, Exh. 18.)

**C.     Federal Habeas Petition**

On August 8, 2007, Bailey filed a Petition for a Writ of Habeas Corpus. (Doc. No. 1.) The single ground for relief is summarized as follows:

> Ground One: Petitioner's counsel failed to provide effective assistance of counsel by recommending that Mr. Bailey plead guilty without having conducted sufficient investigation, resulting in a plea that was not a knowing and intelligent waiver of his rights. This violated Mr. Bailey's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. No. 1.)

## II. Review on the Merits[2]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010, *quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir.2002).

A state court's decision is contrary to clearly established federal law "if the state court

---

[2] As Respondent has not raised a procedural default argument, the Court will address the merits of Bailey's petition.

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006), *citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**A.      Ground One: Ineffective Assistance of Counsel**

Bailey asserts that his defense counsel failed to provide effective assistance when he recommended that Bailey plead guilty without first having conducted an adequate investigation. (Doc. No. 1.)  Respondent argues that Bailey cannot demonstrate a reasonable probability that the result of the proceeding would have been different had defense counsel performed a more thorough investigation.  (Doc. No. 8.)

The essence of Bailey's argument is that defense counsel failed to obtain the employment records of the accuser and certain telephone records that would have provided a basis for impeaching her credibility.  Based upon a review of the plea withdrawal hearing, defense

5

counsel claims the employment and telephone records would have allowed him to demonstrate that the accuser had problems with attendance and tardiness and to argue that the fear of termination provided her with a motive for fabricating the allegation of rape.  (*See generally* Tr. 1-137.)

> The state appellate court addressed Bailey's assignment of error as follows:
>
> When we review an ineffective assistance claim, the benchmark is, "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674.  To prevail on this claim appellant must show his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id*. at 687.  He must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.  Appellant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  We presume that counsel's conduct was within the wide range of reasonable professional assistance.  *Id*.  *See, also, State v. Bradley* (1989), 42 Ohio St. 3d 136, 142, 538 N.E.2d 373.
>
> We need not address the two prongs of appellant's ineffective assistance claim in the order set forth in *Strickland*.
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Strickland*, at 697.
>
> Because the instant case involves a guilty plea, to prevail on his ineffective assistance claim, appellant must show his counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty."  *State v. Xie* (1992), 62 Ohio St. 3d 521, 524, 584 N.E.2d 715, quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203.

In the instant case, appellant first argues his trial counsel was ineffective when he failed to investigate the victim's employment history. Appellant argues that had his counsel investigated the victim's employment history he could have impeached her testimony by showing she was fabricating the rape allegations to avoid being fired from her job for excessive tardiness or absenteeism. Appellant argues such evidence was presented at the trial of his co-defendant and resulted in an acquittal. Appellant contends that had he known of this evidence he would not have pleaded guilty.

Hindsight cannot be used to distort the assessment of what was reasonable in light of counsel perspective at the time. *State v. Cook* (1992), 65 Ohio St. 3d 516, 524-525, 605 N.E.2d 70. Further, in our view, any conclusions as to what effect the omitted evidence would have had on a jury is pure speculation. Nothing can be gleaned from the co-defendant's acquittal.

The record establishes appellant's counsel investigated this case thoroughly, including employing an investigator, Tom Pavlish. As part of his investigation, Pavlish interviewed potential witnesses, including the victim's supervisor. Because of this investigation, defense counsel developed reasons to questions [sic] the victim's integrity but was unable to develop a theory as to why the victim would fabricate the charges at issue. Defense counsel testified his investigation did not find any admissible evidence with which to impeach the victim. Appellant's trial counsel also testified he believed his recommendation that appellant accept the plea deal was proper, given the information he had at the time.

It was not until the co-defendant's trial that defense counsel learned of the employment records that arguably presented a theory as to the victim's motive for fabricating the allegations.

The record establishes both appellant and his counsel, despite their protestations otherwise, fail to appreciate the differences in appellant's and his co-defendant's cases. Appellant had made statements to the police that inculpated him in the crimes. He stated, "*** she was behind me when we went down the hallway, I had her by the hand, went all the way down the hallway, had her by the wrist." Appellant stated that the victim said, "No. I don't want to go back there." Appellant also made the following statement to investigators, "We raped her, forced her to have sex with us, there is no other way to answer it." Appellant also said, "I stick my finger in her ass and she said no." The co-defendant made no such inculpating statements.

Appellant has not proven that a reasonable probability exists he would not have pleaded guilty had his counsel discovered the victim's employment records. Appellant's counsel testified the trial was going badly and appellant was likely

7

> facing conviction on all counts. While arguably the employment record evidence would have impeached the victim's testimony, such evidence, viewed in the context of this case (and not in the context of the co-defendant's case) would not have been sufficient to cause appellant to continue the trial.
>
> "'The failure to present the testimony of a witness or other evidence at trial is not a substantial violation of an essential duty to a defendant unless it is shown that the evidence would have assisted the defense.'" *State v. Farris*, 2nd Dist. No. 2003 CA 77, 2004 Ohio 5980, P59, quoting *State v. Payne* (Mar. 1, 1996, Greene App. No. 95-CA-49, 1996 Ohio App. LEXIS 760. While appellant and his counsel speculate this evidence would have assisted his defense, given the admissions made by appellant, we cannot say it would have done so. We certainly cannot reach any such conclusion based on the outcome of the trial of appellant's co-defendant.

*State v. Bailey*, 2005 Ohio App. LEXIS 6176, 2005-Ohio-6900, ¶¶9-19 (Ohio Ct. App. Dec. 23, 2005).

### 1. Standard for Ineffective Assistance Claims in the Guilty Plea Context

To establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's conduct was so below acceptable standards of representation that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985).[3] Second, a petitioner also must demonstrate that trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

---

[3] "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Id*. at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

at 694; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory.")

The United States Supreme Court has observed that "[w]here ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  The Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Id.* at 58.  While ruling that the first prong of the *Strickland* test remained unchanged in such cases, the Supreme Court explained that the prejudice requirement is satisfied by showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59.

**2.    Analysis**

Bailey asserts that the state appellate court, while identifying the correct standard from *Hill v. Lockhart*, failed to correctly apply that standard.  His traverse states that "the Ohio court failed to inquire into the effect of counsel's performance on the 'outcome of the plea process' and failed to determine whether, but for counsel's insufficient investigation, Brandon Bailey would have 'insisted on going to trial.'"[4]  (Doc. No. 9 at 4.)  Instead, Bailey argues, the state

---

[4] To the contrary, the state appellate court explicitly made such a finding.  *See Bailey*, 2005-Ohio-6900 at ¶18.

9

appellate court incorrectly based its ruling on whether the *result* of the trial would have been different had he not pled guilty. *Id*. Bailey's characterization of the state appellate court's decision is not accurate. For the reasons stated below, this Court finds that the state appellate court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

First, the state appellate court identified the correct governing standard from *Hill v. Lockhart*. The Sixth Circuit has explained that a court that applies the *Strickland* test rather than the more specific standard set forth in *Hill v. Lockhart* applies "the wrong legal standard" to a guilty plea allegedly induced by ineffective assistance. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (*quoting with approval Ostrander v. Green*, 46 F.3d 347, 352 (4th Cir. 1995)). "Under *Strickland*, the defendant shows prejudice if, but for counsel's poor performance, there is a reasonable probability that the outcome of the entire proceeding would have been different. Under *Hill*, the defendant must show merely that there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial." *Ostrander*, 46 F.3d at 352. Thus, there is a significant difference between the two tests, as "[i]t is easier to show prejudice in the guilty plea context because the claimant need only show a reasonable probability that he would have pleaded differently." *Griffin*, 330 F.3d at 737.

Bailey believes that because the state appellate court focused on the strength of the evidence against him, it applied the legal standard incorrectly. As a threshold matter, the prejudice prong of the *Hill v. Lockhart* test appears to be a subjective rather objective standard. Thus, the question a court must answer is *not* whether a reasonable person in defendant's position would have proceeded to trial, but rather whether there is a reasonable

probability that, absent defense counsel's errors, the defendant would have insisted on going to trial. *See Ostrander*, 46 F.3d at 355. Nonetheless, "[a]lthough [the *Hill* prejudice prong] focuses the inquiry on a subjective question, the answer to that question must be reached through an *objective analysis*." *Id*. (emphasis added); *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

While Bailey has adamantly argued that it was his desire to proceed with trial and that he would not have pled guilty had there been a credible defense, his assertion, without more, is insufficient to demonstrate prejudice. "Although it is necessary for a petitioner to allege that he would have insisted on trial but for counsel's errors, that allegation alone is ultimately insufficient to entitle the petitioner to relief." *Regano v. United States*, 2008 U.S. Dist. LEXIS 31855 (N.D. Ohio April 17, 2008) ("Petitioner's allegations must have a factual basis.") Bailey also emphasizes the fact that he had consistently maintained his innocence, insisted on proceeding to trial, and did not change his plea to guilty until his trial counsel urged him to do so after determining that the trial was not proceeding favorably. A change in plea from not guilty to guilty can be construed as "evidence that [a petitioner] would have insisted on going to trial but for counsel's erroneous advice." *Swain v. United States*, 155 Fed. Appx. 827, 832 (6th Cir. 2005). However, every case of this kind necessarily involves a change of plea. Thus, a mere change of plea cannot definitively answer the inquiry whether there is a reasonable probability that the defendant would have insisted on going to trial but for his counsel's deficient representation.

In the present case, however, Bailey's subjective assertion is corroborated by his defense counsel's testimony. Defense counsel testified that Bailey had continually maintained his

11

innocence, rejecting all previous plea offers. Further, according to counsel, if he had earlier obtained the employment and telephone records, he would have been able to mount a more effective defense. Defense counsel also testified that "[h]ad I gotten this information, I'm a hundred percent sure in my mind, at least, that we would not have pled." (Tr. 41.)

There is little precedent concerning the situation currently before the Court. It is rather uncommon for a defense counsel to admit, as this counsel did during state court proceedings, that his representation was deficient in failing to discover certain records during the course of his investigation. Counsel further maintained that such deficiency had a significant impact on his recommendation that Bailey plead. A defense counsel's self-confessed deficient representation is certainly a factor to be considered in a court's determination of whether the two elements of the *Hill* standard are met. *See, e.g., United States v. Day*, 969 F.2d 39, 45-46 (3rd Cir. 1992) (noting that if trial counsel confirms the petitioner's allegations, petitioner "will have had his lawyer back up his own self-serving allegations, which *might* qualify as sufficient confirming evidence.") (emphasis added); *United States v. Kelly*, 32 M.J. 813, 819, 1991 CMR LEXIS 47 (C.M.R. 1991) (finding that a defense counsel's admission of ineffective assistance of counsel is merely a factor in a court's determination, that such an admission by counsel is not ineffective assistance *per se* under the *Strickland* standard, and that the prejudice portion of the test must still be applied).

The state appellate court observed that Bailey's "counsel investigated [the] case thoroughly, including employing an investigator...." *Bailey*, 2005-Ohio-6900 at ¶15. However, after seeming to indicate that trial counsel's representation was not constitutionally deficient, the state appellate court went on to base its ruling on the prejudice prong of the *Hill* test. The court

12

stated that Bailey had "not proven that a reasonable probability exists [that] he would not have pleaded guilty had his counsel discovered the victim's employment records." *Id*. at ¶18. In *Hill*, the United States Supreme Court observed that "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant ... will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." 474 U.S. at 59. Such an assessment, the Supreme Court explained, "will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial." *Id*.; *accord Ostrander*, 46 F.3d at 356 ("The potential strength of the state's case must inform our analysis, in as much as a reasonable defendant would surely take it into account.")

Given the level of deference that the AEDPA ascribes to state court rulings, the state appellate court's emphasis on the objective value of the later discovered records and their potential impact upon the outcome of the trial was neither an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented during state court proceedings. In fact, the state appellate court's emphasis on the value of the missing evidence was quite reasonable given the fact Bailey pled guilty only after the trial appeared to be going against him. Bailey's argument that he would not have pled guilty had counsel discovered the employment and telephone records cannot be construed as credible unless it is plausible that the trial would have gone more favorably if such evidence was presented.[5] Ultimately, the state

---

[5] Because Bailey's co-defendant was acquitted in a separate trial where the missing evidence was presented, it would be tempting to jump to the conclusion that, with such evidence, Bailey's trial also would have gone more favorably. Bailey emphasizes that he contemplated withdrawing his guilty plea before the acquittal of his co-defendant and before the discovery of the omitted evidence (Doc. No. 9 at 8.) This fact, however, cuts both ways, as it could just as

13

appellate court, applying the correct standard from *Hill*, made the objective determination that Bailey had not established the requisite reasonable probability that, but for trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Bailey*, 2005-Ohio-6900 at ¶18.

It is fair to say that another court may have attributed greater weight to Bailey's assertions, to his initial decision to proceed to trial despite the weight of the evidence against him, and to defense counsel's testimony that, armed with the later discovered records, he would not have recommended Bailey's plea. Bailey presented an argument that was supported by evidence beyond his own self-serving statements and another court may well have decided the matter differently. However, it is not for a federal habeas court to supplant a state appellate court's determination with its own. While defense counsel's testimony lent credence to Bailey's assertion that he would not have pled, that testimony, even when combined with Bailey's assertion, does not compel a finding that the state court decision was an objectively unreasonable application of federal law under the AEDPA. Therefore, Bailey's petition should be denied.

### III. Conclusion

For the foregoing reasons, it is recommended that Bailey's petition (Doc. No. 1) be DENIED.

s/ Greg White<br>
U.S. Magistrate Judge

Date: July 24, 2008

---

easily support the contention that Bailey merely had a change of heart with respect to his guilty plea and that his wish to withdraw his plea had nothing to do with defense counsel's alleged deficiencies. Further, a third co-defendant also was found guilty of rape and complicity to kidnapping in Portage County Case No. 2004-CR-00070 during a trial that occurred *after* the second co-defendant's acquittal.

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).