UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

BRANDON R. BAILEY,  :  CASE NO. 5:07-CV-2414
:
      Petitioner,  :
:
vs.  :  OPINION & ORDER
                                                                                                                      :  [Resolving Doc. No. 1.]
STUART HUDSON,  :
:
      Respondent.  :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 8, 2007, Petitioner Brandon R. Bailey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Bailey seeks relief from the judgment and sentence that an Ohio state court imposed following his conviction on one count of rape and one count of kidnapping. [*Id.* at 14.] Respondent Warden Stuart Hudson opposes the petition. [Doc. 8.]

On July 24, 2008, Magistrate Judge Greg White filed a Report and Recommendation that recommended the Court deny the Petitioner's writ. [Doc. 10.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 13.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Bailey's petition for a writ of habeas corpus.

**I. Background**

In this habeas action, Petitioner Brandon R. Bailey challenges the constitutionality of his

Case No. 5:07-CV-2414
Gwin, J.

conviction by an Ohio state court under the Fifth, Sixth, and Fourteenth Amendments. The Petitioner claims that his counsel failed to provide effective assistance because he recommended that the Petitioner plead guilty without first conducting a sufficiently thorough investigation. Bailey says this ineffective assistance of counsel resulted in a plea that was not a knowing and intelligent waiver of the Petitioner's rights.

On February 13, 2004, the Portage County Grand Jury returned an indictment charging the Petitioner with four counts of rape in violation of Ohio Revised Code ("R.C.") § 2907.02(A)(2)(B) and one count of kidnapping in violation of R.C. § 2905.01(A)(4). [Doc. 8, Att.1, Ex.1.] Each of the five charges could have resulted in a sentence of ten years in prison. [Doc. 8, Att. 2 at 3.]

The charges arose from an incident that occurred on December 21, 2003. [Doc. 8, Att.1, Ex.12 at 48.] The Petitioner and two friends, Josh Ely and Jason Wassill, met Mary Ann Anderson at a bar. [*See id.*] Later that night, Anderson engaged in sexual activity with the Petitioner and his friends. [*See id.*] With his petition, the Petitioner alleges that this activity was consensual. Bailey says that Anderson subsequently accused the Petitioner and his friends of rape and kidnapping only because she needed to explain her tardiness at work the next morning. [*See id.*] Both Ely and Wassill were charged as co-defendants with the Petitioner. [*See id.*]

The Petitioner initially entered a plea of not guilty to the indictment. [*See id.*] On July 27, 2004, the Court of Common Pleas for Portage County, Ohio conducted a jury trial, which continued through July 28, 2004. [*See id.*] On the third day of trial, July 29, 2004, the Petitioner changed his plea and pleaded guilty to one count of rape and one count of kidnapping. As a result of this plea, the Petitioner could have been sentenced to no more than twenty years in prison. [Doc. 8, Att.1, Ex. 3.]

Case No. 5:07-CV-2414
Gwin, J.

On August 31, 2004, before his sentencing, the Petitioner filed a motion to withdraw his guilty plea and requested an evidentiary hearing. [Doc. 8, Att.1, Ex. 5.] In the motion, the Petitioner alleged that he did not receive effective assistance from his counsel in entering his guilty plea because his counsel failed to properly investigate the case. [*See id.* at 12.] Also included in the motion was the admission of the Petitioner's counsel that he had failed "to thoroughly investigate and prepare a competent defense at trial. Without the benefit of a thorough investigation, [defense counsel stated that the Petitioner] did not receive meaningful advice on the pros and cons of pleading versus proceeding with trial." [*Id.* at 13.]

On September 13, 2004, the trial court conducted an evidentiary hearing on the Petitioner's motion to withdraw his guilty plea. [Doc. 8, Att. 3.] The hearing established that the Petitioner had maintained his innocence and did not want to enter a guilty plea and that the Petitioner's attorney encouraged the Petitioner to plead guilty. [*See id.* at 21- 36.] Specifically, the Petitioner's attorney testified that he failed to obtain the employment records of Anderson, the supposed victim, and the telephone records of the witnesses in the case; had he obtained these documents, the Petitioner's attorney stated that he would have been able to: (1) present a motive for Anderson's fabrication of her accusations to the jury; (2) better impeach the testimony of Anderson and other witnesses; and (3) impeach Anderson's credibility in a broader sense by utilizing the documents along with other information he had discovered about Anderson that he previously considered irrelevant and therefore inadmissable. [*See id.* at 29-33.]

The trial court denied the Petitioner's motion to withdraw his guilty plea. [Doc. 8, Att. 1, Ex. 7.] Prior to the Petitioner's sentencing, a jury found his co-defendant, Josh Ely, not guilty of the same charges that the Petitioner was facing. [*See id.*] The Petitioner filed a motion asking the trial

Case No. 5:07-CV-2414
Gwin, J.

court to reconsider its denial of his motion to withdraw his guilty plea, but the trial court denied this request without a hearing.  [Doc. 8, Att. 1, Ex. 8.]

On September 15, 2004, the trial court sentenced the Petitioner to eight years of incarceration on the allied offenses of rape (one count) and kidnapping (one count).  [Doc. 8, Att. 1, Ex. 10.]  The court denied the Petitioner's renewed requests at sentencing to withdraw his guilty plea on the ground that his counsel did not provide him with effective assistance.  [Doc. 8, Att.1, Ex.12 at 52-53.]

On February 28, 2005, the Petitioner, represented by new counsel, timely appealed his conviction to the Eleventh District Court of Appeals.  On direct appeal, Bailey made the following assignments of error: (1) the trial court erred by overruling the Petitioner's motion to withdraw his guilty plea prior to sentencing; (2) the Petitioner was denied his right to effective assistance of counsel; and (3) the Petitioner's sentence violated Ohio's sentencing statutes.  [Doc. 8, Att.1, Ex.12 at 44-45.]  On December 23, 2005, the state appellate court affirmed the trial court's judgment over a vigorous dissent.  [Doc. 8, Att.1, Ex.15.]

Following the decision of the state appellate court, the Petitioner, represented by counsel, filed a Notice of Appeal with the Supreme Court of Ohio, raising the following assignments of error:  (1) the trial court's denial of the Petitioner's request to withdraw his guilty plea violated Ohio state law; (2) the Petitioner was denied his Sixth Amendment right to effective assistance of counsel due to a conflict of interest on the part of his attorney; (3) the Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his attorney admitted that he failed to investigate and properly prepare the case and then compelled the Petitioner to plead guilty; and (4) the Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to advise him of an *Alford* plea when the Petitioner continually maintained his innocence but entered a

Case No. 5:07-CV-2414
Gwin, J.

guilty plea. [Doc. 8, Att.1, Ex.16.] On May 10, 2006, the Supreme Court of Ohio denied the Petitioner leave to appeal. [Doc. 8, Att.1, Ex.18.]

On August 8, 2007, Petitioner Bailey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Bailey raises the following single ground for relief:

1. The Petitioner's counsel failed to provide effective assistance of counsel by recommending that the Petitioner plead guilty without having conducted sufficient investigation, resulting in a plea that was not a knowing and intelligent waiver of his rights. This violated the Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. [*Id.* at 14.]

After Respondent Warden Stuart Hudson filed a Return of Writ on November 2, 2007, [Doc. 8.], Magistrate Judge Greg White issued a Report and Recommendation, in which he recommended that Petitioner Bailey's habeas petition be denied. [Doc. 10 at 14.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 13.] The Court considers the Petitioner's objection below.

## II. Legal Standard

*A. Federal Magistrates Act*

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate White's Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *See id.*

Case No. 5:07-CV-2414
Gwin, J.

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs collateral attacks on state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor,* 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller,* 269 F.3d at 614 (quoting *Williams,* 529 U.S. at 412) (internal quotations omitted). A federal habeas court may grant the writ "under the 'unreasonable application' clause . . . if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413 (citations omitted). The Sixth Circuit holds that, even if a federal court determines that a state court incorrectly applied federal law, the federal court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

*C. Ineffective Assistance of Counsel*

Case No. 5:07-CV-2414
Gwin, J.

To prevail on a habeas claim that counsel's assistance was constitutionally ineffective, a movant must satisfy a two-pronged test. First, he must show that counsel's performance was deficient by demonstrating that "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating this charge, the court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . [, keeping in mind] that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id*. at 690. Judicial scrutiny of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id*. at 689.

Second, the movant must show that counsel's deficient performance prejudiced the defendant by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id*. at 687. A habeas petitioner meets the second prong of the test by establishing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*. at 697.

The *Strickland* standard applies to challenges to guilty pleas. In this context, "the first half of the *Strickland* . . . test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,*

-7-

Case No. 5:07-CV-2414
Gwin, J.

474 U.S. 52, 58-59 (1985). In other words, to satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). Furthermore, where the "alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence," to determine whether an error by defense counsel "prejudiced" the defendant the court must evaluate "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* Predictions regarding the outcome at a possible trial "should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 60 (citations omitted).

### III. Analysis

*A. Ground for Relief: Ineffective Assistance of Counsel*

Petitioner Brandon R. Bailey asserts that his defense counsel failed to provide effective assistance when he recommended that the Petitioner plead guilty without first conducting an effective investigation. Specifically, although his counsel had interviewed the complaining witness's co-workers and supervisor, the Petitioner claims that his counsel failed to obtain the employment records of the accuser and certain telephone records that arguably would have provided grounds to impeach the accuser's credibility, as well as the credibility of witnesses testifying on her behalf. Because the state appellate court, in considering the Petitioner's case, correctly identified the relevant clearly

Case No. 5:07-CV-2414
Gwin, J.

established federal law, as determined by the Supreme Court, and did not apply this case law unreasonably to the facts of the Petitioner's case, Petitioner Bailey's petition for a writ of habeas corpus must be denied.

To prevail on a habeas petition involving a claim of ineffective assistance of counsel in a plea agreement context, a petitioner must demonstrate that the state court either made a decision that was contrary to the Supreme Court's holdings in *Strickland v. Washington* and *Hill v. Lockhart* or unreasonably applied *Strickland* and *Hill* to the facts of the petitioner's case. *See* 28 U.S.C. § 2254(d). In this case, the state appellate court correctly identified *Strickland* and *Hill* as the clearly established federal law on point. *See State v. Bailey,* No. 2004-P-0086, 2005 WL 3528900, ¶¶ 9-19 (Ohio Ct. App. Dec. 23, 2005). Furthermore, the Petitioner cannot show that the state court was unreasonable in deciding that the Petitioner had not demonstrated: (1) that his counsel was deficient; and (2) that, but for counsel's errors, the Petitioner would not have pleaded guilty and would have proceeded to trial.

First, the Petitioner could not satisfy the first prong of the *Strickland* standard by showing that his attorney breached his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," particularly in view of the fact that a "heavy measure of deference" must be accorded "to counsel's judgments." *Strickland,* 466 U.S. at 691. As the state appellate court noted, the Petitioner's defense attorney took significant steps to investigate the Petitioner's case and to prepare for trial. Indeed, the Petitioner's counsel hired a private investigator, Tom Pavlish, who interviewed a number of potential witnesses, including the alleged victim's supervisor. *See Bailey*, 2005 WL 3528900, ¶ 15. Although some of the information

-9-

Case No. 5:07-CV-2414
Gwin, J.

provided to defense counsel caused him to question the complaining witness's credibility, he was "unable to develop a theory as to why the victim would fabricate the charges at issue." *Id*. Moreover, given the information that he received from the private investigator and the fact that the investigator had spoken to the alleged victim's supervisor, the Petitioner's attorney understandably did not find it necessary to subpoena the alleged victim's employment records and other telephone records. Thus, the state appellate court was reasonable in determining that the Petitioner did not satisfy the first requirement of the *Strickland* test.

Petitioner Bailey's trial counsel faced a common circumstance. Where the state has offered strong evidence, does defense counsel recommend against a plea that could significantly reduce the prison time that a defendant will face? Bailey's trial counsel explained his reasoning:

> I mean the bottom line is, that I approached, I'm the one who approached the family, including Brandon, and said I feel like we're losing badly and my fears were that – that if he would have proceeded through to allow a verdict we would have very likely lost and my fears were at that point that notwithstanding the fact that he has no prior criminal record, based on the descriptions from Mary Ann Anderson as to what had taken place at his trailer, my fear was that he was going to get pounded, for lack of a better characterization. In other words, you know, an extremely harsh sentence, including but not limited to the potential for consecutive sentences.

[Doc.8, Att. 3 at 33].

Second, the state appellate court was reasonable in holding that the Petitioner could not satisfy the second prong (or the "prejudice" prong) of the *Strickland* standard, as applied to ineffective assistance of counsel attacks on guilty pleas by *Hill v. Lockhart*. The state court properly held that the question of whether defense counsel's failure to investigate prejudiced Petitioner Bailey had to be answered by evaluating "the likelihood that discovery of the evidence would have led

Case No. 5:07-CV-2414
Gwin, J.

counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. This evaluation, in turn, would depend "on a[n objective] prediction [regarding] whether the evidence likely would have changed the outcome of a trial." *Id.*

In this case, as the state court pointed out, the Petitioner made a number of inculpating statements regarding the crimes with which he was charged. For example, the Petitioner stated that "[the alleged victim] was behind me when we went down the hallway, I had her by the hand, went all the way down the hallway, had her by the wrist." *Bailey*, 2005 WL 3528900, ¶ 17. The Petitioner also stated that the alleged victim said, "No. I don't want to go back there." *Id.* Furthermore, Petitioner Bailey told investigators that "[w]e raped her, forced her to have sex with us, there is no other way to answer it" and stated that "I stick my finger in her ass and she said no." *Id.* The Petitioner's co-defendant, who was subsequently acquitted of the same charges that the Petitioner was facing, did not make any such inculpating statements.

Taking into consideration the numerous incriminating comments made by the Petitioner, it is unlikely that the introduction of the missing evidence would have changed the outcome of the trial. Recall, Petitioner Bailey argues that he could impeach the complaining witness by showing that she had been warned about bad work attendance. He seems to say that a jury would be persuaded that the complaining witness would accuse three men of rape to avoid discipline for being minutes late for work. Especially against the backdrop of Bailey's admissions, this argument does not persuade. Even if defense counsel was able to undermine the alleged victim's credibility by using her employment records, and even if defense counsel cross-examined the witnesses in the case with respect to their telephone records, it is highly doubtful that these tactics would have explained away

Case No. 5:07-CV-2414
Gwin, J.

or negated the admissions made by the Petitioner. As a result, the state appellate court was reasonable in determining that the Petitioner did not demonstrate that he was prejudiced under the *Strickland* and *Hill* standards.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge White and **DENIES** Petitioner Brandon R. Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could be taken in good faith, and the Court hereby issues a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. 22(b) as to the single ground for relief.

IT IS SO ORDERED.


Dated: September 8, 2008        *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE